[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12098
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 29, 2009
THOMAS K. KAHN
CLERK

Agency No. A096-395-414

ZENG KUN YE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 29, 2009)

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Zeng Kun Ye petitions for review of the Board of Immigration Appeals' (BIA's) decision affirming the Immigration Judge's (IJ's) order finding Ye removable and denying his application for asylum and withholding of removal under the Immigration and Nationality Act (INA), and denial of relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT).[1] Ye contends the IJ's adverse credibility determination was not supported by substantial evidence because it was based largely on minor discrepancies in Ye's testimony, rather than matters that went to the heart of his asylum claim. We conclude substantial evidence supported the BIA's and IJ's adverse credibility finding and deny Ye's petition.[2]

"Credibility determinations are reviewed under the substantial evidence test, and we will not overturn them unless the record compels it." *Shkambi v. U.S. Att'y Gen.*, 584 F.3d 1041, 1049 n.6 (11th Cir. 2009). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility

---

[1] As an initial matter, even though the BIA denied Ye CAT relief, because Ye never appealed to the BIA the IJ's decision denying him CAT relief, Ye has failed to exhaust his administrative remedies and we do not have jurisdiction to consider the claim. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) ("We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto.").

[2] Because the BIA issued its own opinion, and, without adopting the IJ's opinion, relied upon the IJ's decision and reasoning, we "first review the IJ's opinion, to the extent that the BIA found that the IJ's reasons were supported by the record [and] [w]e then review the BIA's decision, with regard to those matters on which it rendered its own opinion and reasoning." *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009).

decision was not supported by specific, cogent reasons or was not based on substantial evidence." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005) (quotations omitted). "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006). "The weaker an applicant's testimony, however, the greater the need for corroborative evidence." *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). When an applicant does produce corroborative evidence, "the IJ must consider that evidence, and it is not sufficient for the IJ to rely solely on an adverse credibility determination in those instances." *Forgue*, 401 F.3d at 1287.

Substantial evidence supports the adverse credibility finding. In the asylum hearing, the IJ found numerous inconsistencies between Ye's application and his testimony. First, as recognized by the BIA, the IJ noted Ye mentioned two different dates in referring to the incident when his two friends were arrested. In Ye's application he referenced March 23, 2003, but, at the hearing Ye said April 23, 2003. Other inconsistencies included Ye's very practice of Falun Gong. As the BIA noted, the IJ found Ye did not display much knowledge of Falun Gong. At the asylum hearing, though Ye did claim and describe some knowledge of Falun Gong, Ye could not remember one of the Eight Virtues or Eight Faiths. This was despite the fact Ye claimed to have practiced for four years and Ye submitted

3

documents with his application listing these very details. Though Ye contends his lack of knowledge should not have been relied on, this deficiency conflicted with the information he provided in his application, indicating his testimony was unreliable. *See Ruiz*, 440 F.3d at 1255.

In addition, the Falun Gong certificate Ye submitted stated it was issued on a date earlier than when Ye claimed to have begun practicing Falun Gong, and also before Ye claimed he received the certificate. In particular, the certificate said it was issued on April 25, 2002, but Ye stated he began practicing on October 21, 2002. Moreover, Ye said he received the certificate on October 25, 2002, yet the certificate itself stated it was issued on April 25, 2002. Furthermore, though Ye asserted he was only a beginner in practicing Falun Gong when he lived in China, Ye claimed the exercise he completed to earn the certificate was both an advanced and a beginner's exercise. Moreover, the certificate itself stated that it "was the basic class" of "Falun Gong *advanced* exercises . . . ." (emphasis added). Thus, if the certificate is accurate, Ye did complete advanced exercises even though he claimed to be a beginner. Moreover, despite Ye's claims, the certificate evidenced Ye's Falun Gong membership by including his name, picture, and participation. Taken as a whole, the inconsistencies between Ye's testimony and his application supported the IJ's adverse credibility determination. *See Ruiz*, 440 F.3d at 1255.

4

Finally, as the BIA recognized, the IJ found Ye omitted information from his application he testified about in the hearing. In particular, Ye did not state in his application that he hid at between five and six locations before leaving for the United States, but Ye testified to these facts at the hearing. This omission from his asylum application supports the BIA's holding of adverse credibility. *See Forgue*, 401 F.3d at 1287-88 (recognizing omissions from an application support a finding of adverse credibility).

As both the BIA and IJ recognized, because Ye's testimony failed to establish his claim, Ye needed to provide corroborative evidence to help substantiate his claim. For example, the BIA noted the IJ's suggestion Ye submit an affidavit from his sister evidencing Ye still practices Falun Gong. Though Ye stated he practiced alone, Ye also said he lived with his sister and she was the only person to see him practicing since he came to the United States. Thus, despite Ye's claim he could not submit any evidence outside of his testimony to evidence his continued practice, Ye's own testimony contradicts this assertion. Because Ye did not present testimony that was free from inconsistencies and omissions, Ye had a need to present additional corroborative evidence, and he failed to do so. *See Yang*, 418 F.3d at 1201.

5

As a whole, the inconsistencies and omissions in both Ye's testimony and the documents he submitted do reach the heart of Ye's claim.[3]   Because the record as a whole does not compel the holding Ye was entitled to asylum relief, we affirm the BIA's denial of Ye's asylum application.[4]   Furthermore, because Ye failed to meet the burden required for asylum, the denial of his claim for the more stringent standard of withholding of removal is also affirmed.  *See Al Najjar v, Ashcroft*, 257 F.3d 1262, 1293 (11th Cir. 2001).  Thus, we dismiss as to the CAT claim and otherwise deny Ye's petition.

**PETITION DENIED IN PART, DISMISSED IN PART.**

---

[3]  The REAL ID Act of 2005 provides an adverse credibility determination may be based on inconsistencies that do not go to the heart of the applicant's claim. REAL ID Act § 101(a)(3)(B)(iii), (d)(4)(c), Pub. L. No. 109-13, 119 Stat. 231, 303, 305 (codified at 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1229a(c)(4)(C)).  Because Ye's application was filed before these amendments became effective on May 11, 2005, they do not apply to his claims.  Nonetheless, we need not resolve whether adverse credibility determinations in pre-REAL ID Act cases must be based on inconsistencies that go to the heart of the claim because the inconsistencies relate directly to Ye's claims of persecution. *See Shkambi*, 584 F.3d at 1049 n.7.

[4]  Because we affirm the IJ's and BIA's adverse credibility finding, we need not discuss Ye's claim that substantial evidence does not support the BIA's holding he did not suffer past persecution.